# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-715V

| | |
|---|---|
| MALINDA POWELL,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 18, 2025 |

*Jonathan J. Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CLAIM[1]

On January 12, 2021, Malinda Powell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine on October 28, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 2, 2025, I issued an Order to Show Cause why the claim should not be dismissed. (ECF No. 35). As the Order reflects, Respondent had filed a status report in October 2022 which noted that Petitioner may have been eligible for workers'

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation, and requested Petitioner's workers' compensation records, and that if Petitioner did not file a workers' compensation claim, but was able to, to provide an explanation for her refusal. Status Report (ECF No. 23). Respondent also indicated it did not appear that Petitioner had filed all of the relevant physical therapy records, and that he believed there were factual and/or legal issues that had the potential to be addressed through further development of the record. *Id.*

The Order to Show Cause further noted that on December 27, 2022, I had ordered Petitioner to file additional outstanding medical records and any additional evidence bearing on the causation and onset issues identified by Respondent and that since that time, Petitioner had requested and been granted seven additional extensions of time to file the requested information.

Finally, the Order to Show Cause noted that on May 2, 2024, Petitioner filed a status report indicating that since May 9, 2023, Petitioner's counsel had been unable to reach his client, including numerous attempts to call, email, text, and correspond via mail, including certified mail which was marked undeliverable and returned. (ECF No. 34). At that time, Petitioner requested that I issue an Order to Show Cause.

On July 17, 2025, Petitioner filed a status report, in which Petitioner's counsel reported that he has not received any communication from Petitioner since 2023, and that he submitted a copy of the Court's Order to Show Cause via email without response. (ECF No. 36).

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

For these reasons, in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is **DISMISSED** for insufficient proof. The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.